# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

United States of America,            Criminal No. 11-25 (RHK/FLN)

          Plaintiff,            **MEMORANDUM AND ORDER**

v.

Robert Ellis Hastings,

          Defendant.

---

This matter is before the Court on Defendant's <u>pro se</u> motion entitled "Motion For Permission To File 2255 Motion." (Doc. No. 64.) Defendant is asking the Court to determine whether he has waived his right to file a motion for post-conviction relief under 28 U.S.C. § 2255. However, that issue is not properly before the Court at this time, because Defendant has not yet actually attempted to file a § 2255 motion, (nor has he shown that he has any potentially meritorious grounds for doing so). In effect, Defendant is asking the Court to render an advisory opinion on an issue that is, right now, merely hypothetical.

It is well established, however, that federal courts are not to offer advisory opinions on hypothetical questions. See <u>Flast v. Cohen</u>, 392 U.S. 83, 95 (1968) ("no justiciable controversy is presented . . . when the parties are asking for an advisory opinion"); <u>Golden v. Zwickler</u>, 394 U.S. 103, 108 (1969) ("'[t]he federal courts established pursuant to Article III of the Constitution do not render advisory opinions'") (quoting <u>United Public Workers of American (C.I.O.) v. Mitchell</u>, 330 U.S. 75, 89 (1947)). Therefore, Defendant's present motion will be denied.

However, Defendant's motion will be denied without prejudice. If Defendant hereafter submits a motion that purports to seek post-conviction relief under § 2255, the Clerk will be required

to file the proffered motion. Only then will the Court consider whether or not Defendant has waived the right to seek relief under § 2255.[1]

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED**:

1. Defendant's "Motion For Permission To File 2255 Motion" (Doc. No. 64) is **DENIED WITHOUT PREJUDICE**; and

2. If Defendant attempts to file a motion seeking post-conviction relief under 28 U.S.C. § 2255, the Clerk of Court will be required to file the motion.

Dated: August 9, 2012

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge

---

[1] A copy of the relevant section of the plea agreement, ("Plea Agreement and Sentencing Stipulations," [Doc. No. 48], p. 5, § 9), is attached to this order. That section of the Plea Agreement appears to indicate (quite clearly) that the Government and Defendant agreed to modify the original draft of the plea agreement by redacting the reference to "Collateral Attack" in the "Waiver" paragraph of the plea agreement. In other words, it appears that the Government agreed that Defendant would preserve his right to seek post-conviction relief under 28 U.S.C. § 2255. Part of the transcript from the change-of-plea hearing is also attached to this order. The transcript appears to confirm that the plea agreement was modified so that Defendant would not waive his right to maintain a "collateral attack" in this case. If Defendant hereafter files a § 2255 motion, it is possible, perhaps, that the Government would try to raise a waiver argument. However, based on the parts of the record that are attached to this order, it seems doubtful that such an argument could be sustained.